In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **James Erick Jones, #0304932,**           ) | Civil Action No. 9:07-0497-JFA-GCK |
| )  | |
| Plaintiff,         ) | |
| ) | |
| vs.                                          ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Mullins Police Department,**              ) | |
| **Officer Larry Bailey,**                   ) | |
| ) | |
| **Defendants.**   ) | |
| ) | |

## I.  INTRODUCTION

The *pro se* Plaintiff, James Erick Jones ("Plaintiff" or "Jones"), brought this action pursuant to Title 42, United States Code, Section 1983.  Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review pretrial matters in prisoner cases filed under 42 U.S.C. § 1983, and submit findings and recommendations to the District Court.  A motion for summary judgment has been filed on behalf of the Defendants Mullins Police Department and Officer Larry Bailey.  [22]  As this is a dispositive motion, this Report and Recommendation is entered for review by the District Court.

## II.  *PRO SE* COMPLAINT

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970 (1978).  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214.  This review has

been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes*, 449 U.S. 5 (1980). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594 (D.S.C. 2001), *citing Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## III. HISTORY OF THE CASE

Plaintiff claims in his verified Complaint[1] that on November 1, 2006, at approximately 2:30 a.m. in Mullins, the Defendant Officer Larry Bailey ("Bailey") maliciously tailgated Plaintiff's vehicle while using high beam headlights, which concealed the identity of Bailey's

---

[1] In this Circuit, verified complaints by *pro se* prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing this Report and Recommendation.

vehicle. Bailey followed Plaintiff to a secluded area on Old Mills Road, where Plaintiff felt endangered, and he proceeded to flee, but wrecked his vehicle. Plaintiff contends Bailey then rammed his police cruiser into the rear driver's side area of Plaintiff's car. Plaintiff states that Bailey apprehended him and after "rendering me unarmed," Bailey pulled his firearm and without cause shot Plaintiff once in the left side of his abdomen at close range. Bailey then shoved Plaintiff into the driver's side door of the police cruiser and pointed his gun towards Plaintiff's left upper face and fired a second shot, which Plaintiff avoided by grabbing the weapon and pushing it away, and a struggle ensued. [1]

Plaintiff contends that the Mullins Police Department negligently hired Bailey, who had a "tarnished and unsatisfactory record" with the Marion County Sheriff's Department. Plaintiff also alleges that Bailey acted with malicious intent when he tailgated the Plaintiff and alleges that the shooting was not justified. Plaintiff requests "a complete investigation of this incident and Mullins Police Department by the Internal Affairs" and seeks to have any penalties or criminal charges against him overturned. He also requests that his medical expenses be paid, and that he be awarded a settlement of $250,000.00.

## IV. PROCEDURAL HISTORY

The Plaintiff commenced this Section 1983 action on February 16, 2007[2] against the Mullins Police Department and Bailey. [1] On March 2, 2007, the Court ordered the Clerk of Court to issue summonses to the two defendants. [5] On March 26, 2007, the Plaintiff submitted a motion to include additional evidence regarding the allegations contained in his complaint. More specifically, Plaintiff corrected the time of the incident to 12:30 a.m., and further alleged that Bailey had submitted an incident report on November 1, 2006, which claimed he had advised dispatch that Plaintiff was driving recklessly and that he was going to perform a traffic stop.

---

[2] Plaintiff has the benefit of the holding of *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the "delivery" date of his Complaint.

Plaintiff states that he reviewed the relevant dispatch communication and claims that Bailey did not advise dispatch that Plaintiff was driving recklessly or of his plan to stop Plaintiff. Plaintiff contends that the Mullins Police Department was negligent when it failed to investigate Bailey's report as submitted, and that Bailey submitted false information in the police report. [8]

The Court construed Plaintiff's motion to include additional evidence as a motion to amend the complaint and as the amended complaint, and because neither of the Defendants had appeared in the action, on March 28, 2007, the Court ordered service of the Amended Complaint upon the Defendants. [11] Also on March 28, 2007, an answer to the complaint was filed on behalf of the Defendants which set forth several defenses, including that the complaint failed to state a claim under Section 1983, that Bailey was entitled to qualified immunity, and that the complaint failed to allege that the violation of any constitutional right was a result of the execution of a policy or custom of the Mullins Police Department. [13] Thereafter, on April 24, 2007, an answer to the Amended Complaint was filed on behalf of the Defendants. [19] On May 30, 2007, the Defendants filed a motion for summary judgment, a supporting memorandum, and an affidavit by Bailey. [22] On May 31, 2007, an Order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to the Motion. [23] On June 25, 2007, Plaintiff filed a response in opposition to the Motion and his affidavit in support of his opposition. [25] On July 17, 2007, Plaintiff filed a motion to compel discovery of the Mullins Police Department's dispatch transcript and surveillance video, to which he claimed he had been denied access. [31] On August 7, 2007, the Defendants filed a response, stating that the Defendants had not received any interrogatories or requests for production from the Plaintiff, and requesting that the motion to compel be denied. [36] Plaintiff responded by stating that the Defendants' denial was "frivolous," but the Plaintiff did not state whether or not he had served discovery on the Defendants. [37] Plaintiff requested that the Court order that it be presented with the information

that Plaintiff sought (Bailey's work history up to termination; Bailey's police report filed with the Mullins Police Department; Bailey's voluntary Statement; Lt. Dallas Oakley's voluntary statement; the Mullins Police Department's dispatch tape/transcript; and surveillance video/radar). [37]   Plaintiff's motion to compel [31] also is pending before the Court.

As a threshold matter, the Court recommends that the Plaintiff's motion to compel be denied.  According to the Defendants, the Plaintiff never served any discovery on the Defendants. [36]  In response, the Plaintiff requests that the Court "use its jurisdiction . . . and be presented" with the evidence.  [37 at p. 2]  As it appears to the Court that the Plaintiff did not serve discovery on the Defendants, the Court finds that the Plaintiff's motion to compel is moot.[3]

## V.  JURISDICTION

Section 1983, the primary basis for jurisdiction of the Plaintiff's lawsuit, provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  Accordingly, as required by statute, Plaintiff must meet two requirements to bring suit under Section 1983.  First, he must show that the defendants deprived Plaintiff of his rights "under color of" state law, and second, that the deprivation is of a right guaranteed by the Constitution or laws of the United States.

---

[3] It appears to the Court that in the case of *U.S.A. v. Jones*, 4:06-CR-1238-TLW-1, wherein the Plaintiff was indicted for violations of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2) and/or (e) Unlawful Transport of Firearms, Etc., the Plaintiff requested [15; 16; 17; 18] and appears to have received the documents that he sought from the Defendants in the present case.  This Court may take judicial notice of its own records.  *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records); *see also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties).

## VI.  THE STANDARD FOR DETERMINING A
## MOTION FOR SUMMARY JUDGMENT

The determination of the motion for summary judgment filed by the Defendants Mullins Police Department and Officer Bailey is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

It is important to add that unsupported speculation by a non-moving party is insufficient to defeat a summary judgment motion.  *Felty v. Graves-Humphreys Co.*, 818 F. 2d 1126 (4th Cir. 1987).  Similarly, genuine disputes of material facts are not demonstrated by the bald statements of a non-moving party in affidavits or depositions.  *Stone v. University of Md. Medical Sys. Corp.*, 855 F. 2d 167 (4th Cir. 1988).

For purposes of evaluating the appropriateness of summary judgment, this court must construe the facts are set forth in the light most favorable to Plaintiff.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (internal quotation marks omitted); Fed.R.Civ.P. 56(c) (Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.").

When, as in the present case, the Defendants are the moving party, and the Plaintiff has the ultimate burden of proof on an issue, the Defendants must identify the parts of the record that demonstrate the Plaintiff lacks sufficient evidence.  Where the movant can show a complete

failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In the *Celotex* case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  *Celotex*, 477 U.S. at 322-323.

## VII.  DISCUSSION

As stated previously, the Defendants filed a motion for summary judgment and have attached the affidavit of Officer Bailey, who is employed by the Mullins Police Department.[4] According to Officer Bailey's affidavit, on November 11, 2006, while on patrol, he noticed a vehicle traveling in excess of the speed limit and in a reckless manner.[5]  When Officer Bailey turned on his blue lights to stop the vehicle, the vehicle failed to stop, and actually accelerated away from him.[6]  Officer Bailey notified dispatch and spoke with his commanding officer to inform him that vehicle had failed to stop and that he was in pursuit.[7]  Officer Bailey followed Plaintiff's vehicle for a distance, but then the Plaintiff suddenly slammed on his brakes, causing the vehicles to collide.[8]  Officer Bailey exited his vehicle and was attacked by the Plaintiff and both fell to the ground.[9]  Before Officer Bailey could stand up, he was grabbed from behind by the Plaintiff, who placed a weapon at the side of Officer Bailey's head and told him that if he moved he would kill him.[10]  Officer Bailey was able to unholster his weapon with his right hand and

---

[4]   Bailey Affidavit [22-3] at ¶ 1.

[5]   Bailey Affidavit [22-3] at ¶ 2.

[6]   Bailey Affidavit [22-3] at ¶ 3.

[7]   Bailey Affidavit [22-3] at ¶ 4.

[8]   Bailey Affidavit [22-3] at ¶ 5.

[9]   Bailey Affidavit [22-3] at ¶ 6.

[10]   Bailey Affidavit [22-3] at ¶¶ 7-8.

reached across his body to fire his weapon behind and to his left side, and it is believed that he shot the Plaintiff in the stomach.[11]  At the time Officer Bailey fired his weapon, he feared for his life and believed that the Plaintiff was going to kill him.[12]  Officer Bailey believes that his actions were reasonable under the circumstances.[13]  Officer Bailey is informed and believes that Plaintiff was convicted in Federal Court for "felon in possession of a firearm" and that he is awaiting sentencing.[14]

## A.  Whether Officer Bailey Used Excessive Force Against the Plaintiff

Plaintiff claims in his Section 1983 action that Officer Bailey violated his constitutional rights by using excessive force on the night of November 1, 2006.  Claims that law enforcement officers used excessive force when making an arrest "should be analyzed under the Fourth Amendment and its 'reasonableness' standard."  *Maradiaga v. Wilson*, — F.Supp.2d —, 2007 WL 2792230 at *4 (D.S.C. September 24, 2007), *quoting Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  "The standard of review is an objective one, [and t]he question is whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force."  *Maradiaga*, 2007 WL 2792230 at *4, *quoting Anderson v. Russell*, 247 F.3d 125, 129 (4th Cir. 2001) (*citing Graham*, 490 U.S. at 397, 109 S.Ct. 1865).  As the Supreme Court noted in *Graham*:

> Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or

---

[11]   Bailey Affidavit [22-3] at ¶¶ 9-10.

[12]   Bailey Affidavit [22-3] at ¶ 11.

[13]   Bailey Affidavit [22-3] at ¶¶ 12.

[14]   Bailey Affidavit [22-3] at ¶ 13.  The Court notes that Plaintiff was charged with violations of 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2) and/or (e) Unlawful Transport of Firearms, Etc., as more fully set forth in *U.S.A. v. Jones*, 4:06-CR-1238-TLW-1.  This Court may take judicial notice of its own records.  *See, e.g., Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)*; Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

> threat thereof to effect it. *See Terry v. Ohio*, 392 U.S. 1, 22-27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Graham*, 490 U.S. at 396, 109 S.Ct. 1865 (some internal quotation marks and citations omitted). In *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), the Supreme Court held that a police officer may use deadly force when the officer has "probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or others." *Garner*, 471 U.S. at 11, 105 S.Ct. 1694. In assessing the reasonableness of a particular use of force, the court must judge reasonableness "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865. As the Supreme Court noted in *Graham*, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id*. at 396-97, 109 S.Ct. 1865. Furthermore, "[t]he court's focus should be on the circumstances at the moment force was used and on the fact that officers on the beat are not often afforded the luxury of armchair reflection." *Elliott v. Leavitt*, 99 F.3d 640, 642 (4th Cir. 1996) (citations omitted).

In the present case, it is undisputed that the Plaintiff was armed at the time he was apprehended by Officer Bailey: Plaintiff admits in his Complaint that Officer Bailey apprehended Plaintiff and rendered him unarmed.[15] Officer Bailey states by Affidavit that after he exited his vehicle, he was attacked by the Plaintiff and both men fell to the ground.[16] Before Officer Bailey could stand up, he was grabbed from behind by the Plaintiff, who placed a weapon at the side of

---

[15] Complaint [1] at p. 3.

[16] Bailey Affidavit [22-3] at ¶ 6.

Officer Bailey's head and told him that if he moved he would kill him.[17] Officer Bailey stated that during the altercation, was able to unholster his weapon with his right hand and reached across his body to fire his weapon behind and to his left side, and it is believed that he shot the Plaintiff in the stomach.[18] At the time Officer Bailey fired his weapon, he feared for his life and believed that the Plaintiff was going to kill him[19] and states that he believes that his actions were reasonable under the circumstances.[20] That the Plaintiff had a gun and threatened to kill Officer Bailey provides Officer Bailey with probable cause to believe that Plaintiff posed a significant threat of death or serious bodily injury to him.

Even assuming that Plaintiff's claim is true–that Officer Bailey drew his weapon and shot Plaintiff <u>after</u> rendering him unarmed[21]–Officer Bailey's justification for using deadly force against Plaintiff did not end at that time, as Plaintiff states in his Complaint that he "grab[bed] and pushed the weapon away and began to struggle with Officer Bailey in fear of my life[.]"[22]

The Court finds that Officer Bailey's use of force was objectively reasonable in light of the circumstances at the time, and that Plaintiff's constitutional rights were not violated.

### B.  The Defendant Officer Bailey is Entitled to Qualified Immunity Under Section 1983

Governmental officials performing a discretionary function are entitled to qualified immunity if their conduct does not violate clearly established constitutional rights of which a reasonable person would have known to exist. *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). When

---

[17]   Bailey Affidavit [22-3] at ¶¶ 7-8.

[18]   Bailey Affidavit [22-3] at ¶¶ 9-10.

[19]   Bailey Affidavit [22-3] at ¶ 11.

[20]   Bailey Affidavit [22-3] at ¶¶ 12.

[21]   Complaint [1] at p. 3.

[22]   Complaint [1] at p. 4.

making a determination on the issue of qualified immunity, it is appropriate to first determine whether or not a constitutional right would have been violated on the facts alleged, and then to consider whether or not that right was clearly established at the time such that it would be clear to an objectively reasonable officer that his or her conduct would violate that right.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Whether a governmental official is entitled to qualified immunity is a question of law for the court.  *Willingham v. Crooke*, 412 F.3d 553 (4th Cir. 2005).  When there are no disputed material facts relevant to the court's qualified immunity inquiry, there is no question for the court to submit to a jury and a ruling on qualified immunity is appropriate at the summary judgment stage.

In order to be "clearly established" for purposes of a qualified immunity analysis, the contour of the right at issue must be sufficiently clear that a reasonable official and/or officer would understand that what he did or did not do would violate a right.  *Anderson v. Creighton*, 483 U.S. 635 (1987).  Qualified immunity protects all but the plainly incompetent and those who knowingly commit a violation of the law.  Qualified immunity further protects law enforcement officials from bad guesses in gray areas and ensures that they are in fact held liable only for transgressing bright lines.  *Willingham v. Crooke*, 412 F.3d 553 (4th Cir. 2005); *Malley v. Briggs*, 475 U.S. 335 (1986).

It cannot be said that under the circumstances presented here, Officer Bailey transgressed any bright lines, nor would any reasonable law enforcement official have reason to think that these circumstances as exist in this case could give rise to a constitutional claim.  On the facts of this case and the applicable law, Officer Bailey is entitled to qualified immunity and summary judgment should be granted to him.

### C.  Whether the Mullins Police Department can be held liable under a *respondeat superior* theory

As mentioned above, Plaintiff's complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). A legal action under Section 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

To the extent Plaintiff relies on the doctrine of respondeat superior, this doctrine is not applicable to actions under 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (*citing Monell v. Dep't of Social Servs.*, 436 U.S. at 694; *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) ("municipalities are not liable pursuant to respondeat superior principles for all constitutional violations of their employees simply because of the employment relationship") (*citing Monell*, 436 U.S. at 692-94). A municipality may not be held liable under 42 U.S.C. § 1983 solely because it employs the person violating federal rights of another. A municipality, or department of a municipality, such as the Mullins Police Department, is only a "person" that can be sued pursuant to 42 U.S.C. § 1983 if the alleged unconstitutional action puts into effect the municipality's policy or custom. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). It follows, then, that a plaintiff must identify a municipal "policy" or "custom" that caused the deprivation of the plaintiff's federal rights in order to state a claim against the municipality. *Board of County Commissioners v. Brown*, 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). If the alleged constitutional deprivations are not an official policy or custom of the Mullins Police Department, only

individuals may be liable under 42 U.S.C. § 1983. *Hughes v. Blankenship*, 672 F.2d 403, 405-06 (4th Cir. 1982). Plaintiff's allegations against the Defendant Mullins Police Department fail to name a policy or establish a custom by the Police Department that deprives Plaintiff of a federal right, and therefore his claim fails.

Next, Plaintiff's complaint alleges that the Mullins Police Department did "knowingly employ" Officer Bailey, whom Plaintiff alleges had a "tarnished and unsatisfactory record with the Marion County Sheriff's Department."[23] However, Plaintiff does not offer any evidence, beyond his own allegations, to support these claims. Plaintiff must come forward with an affirmative showing more significant than conclusory and self-serving allegations. *See, e.g.*, *Fuller v. County of Charleston*, 2006 WL 533381 at *5 (D.S.C. March 3, 2006) (Duffy, J.), *citing White v. Boyle*, 538 F.2d 1077, 1079 (4th Cir. 1976) (conclusory allegations insufficient to avoid summary judgment); *see also National Enterprises, Inc. v. Barnes*, 201 F.3d 331, 335 (4th Cir. 2000) ("Marvin J. Barnes' self-serving affidavit describing the content of the repurchase agreements is not enough to defeat National's motion for summary judgment."); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) (holding that unsupported allegations "do not confer talismanic immunity from Rule 56.").

## RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motion to compel **[31] be deemed moot**, and the Defendants' motion for summary judgment **[22] be granted.**

_____
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

January 3, 2008

Charleston, South Carolina

---

[23] Complaint at p. 3.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).